UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROCKY BOURG** | : | **CIVIL ACTION NO. 12-943** |
| **DOC #54443** | | |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE TRIMBLE** |
| **JERRY JOHNSON** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint filed by plaintiff Rocky Bourg. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and he is incarcerated at Allen Correctional Center in Kinder, Louisiana. He complains that several pages of his legal documents were destroyed during a shake-down of his personal property and bed area. Plaintiff names ACC Master Sergeant Jerry Johnson as his defendant herein. As relief plaintiff seeks monetary damages for the destruction of his papers as well as an injunction against retaliation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

On September 6, 2011, the defendant conducted a shake-down of plaintiff's personal property and bed area. Metal fasteners were found on plaintiff's legal documents and were

removed. Plaintiff states that during the search several pages of his legal documents were torn beyond further usage.

A disciplinary report was issued charging plaintiff with possession of contraband. A disciplinary hearing was held on September 8, 2011, wherein the charges were dismissed as the board found that the fasteners were attached to legal documents that were sent to plaintiff. Doc. 1, p. 7. At some point plaintiff filed a participated in the Administrative Remedy Procedure ("ARP") filing a request for administrative remedy. His request was denied both at the first and second steps. Doc. 1, pp. 5, 6. The first step response notes that confiscation of the clips was necessary as knives and shanks have been made from the clips and that the clips were found underneath petitioner's clothing, not attached to any legal documentation.

As a result of the above plaintiff seeks monetary damages from the defendant for destruction of his legal documents. He also seeks injunctive relief against the defendant and his wife as well as other ACC employees to prevent them from retaliating against him for filing this suit.

*Law and Analysis*

A. **Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of

facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley,* at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, the initial question is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief.   In order to hold the defendants liable, plaintiff must allege facts to show: (1) a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances.  Further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving him the benefit of every doubt, the court concludes, for the reasons stated herein, that he has failed to state a claim upon which relief may be granted, his claims are frivolous as a matter of law, and his complaint should therefore be dismissed with prejudice.

Plaintiff claims that during the search, the defendant tore several pages of his legal documents and that the documents could no longer be used. The only constitutionally protected right this court can envision that such an action could potentially violate would be access to the courts.

While prisoners clearly have a constitutionally protected right of access to the courts, a prisoner must "demonstrate an actual injury stemming from defendants' unconstitutional conduct." *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996) (citing *Bounds v. Smith*, 430 U.S. 817(1977); see also *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (holding that "without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim"). The Supreme Court in *Lewis* explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated he must demonstrate that the suffered "actual injury"—that the denial of access "hindered his efforts to pursue a legal claim." 518 U.S. at 351. *See also Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir.1991) (A civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.) (if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid).

Plaintiff has not demonstrated that he has been hindered in his ability to pursue a legal claim. Plaintiff does not indicate that he had any cases dismissed or that he missed any deadlines because some of his legal materials were destroyed. Because Plaintiff has not established that he suffered an actual injury as a result of having his legal materials destroyed, this claim must be dismissed for failure to state a claim.

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 28th day of January, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE